Mount *v.* Slack.

Further on Philemon Woodruff says: · "I did that thing, primarily, in the interest of Andrew Teas; secondarily, in the interests of others,"—that is, himself and his brother; verily, " No servant can serve two masters," much less three, especially when one is a brother and the other is insatiable self.

I think there was a copartnership, and that it had continued, notwithstanding the destruction of the agreement, or that, at all events, all of the assets on hand are properly subject to all the legal consequences of such relation, even though there was a dissolution; I think the judgment should be declared null and void; and also that there should be an accounting for the full value of all the goods and chattels which were disposed of under that judgment and the execution issued thereon.

The complainant is entitled to all the costs of this suit except the costs of the accounting, which will be reserved for future consideration and disposed of hereafter.

*Mr. F. W. Stevens,* for the appellants.

*Mr. H. G. Clayton* and *Mr. A. Q. Keasbey,* for the respondent.

PER CURIAM.
This decree unanimously reversed.

---

GEORGE W. MOUNT, appellant,

*v.*

CLARENCE M. SLACK, respondent.

On appeal from a decree of the vice-ordinary, whose opinion is reported in *Mount* v. *Slack, 18 Stew. Eq. 129.*

*Mr. George O. Vanderbilt,* for the appellant.

*Mr. Silas D. Grimstead,* for the respondent.

Stoutenburgh *v.* Hopkins.

PER CURIAM.

This decree affirmed, for the reasons given by the vice-ordinary.

MR. JUSTICE DIXON (dissenting) stated orally that, in his opinion, the commissions in this case ought to have been divided equally between the two administrators.

*For affirmance*—THE CHIEF-JUSTICE, DEPUE, GARRISON, MAGIE, REED, BROWN, CLEMENT, COLE, McGREGOR, SMITH —10.

*For reversal*—DIXON, VAN SYCKEL, WHITAKER—3.